# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY TRIPP**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 5762 |
| | ) |
| **CHICAGO POLICE MARK BOSCH**, | ) |
| Star No. 11266, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court has just received two responses, each comprising an Answer and Affirmative Defenses ("ADs"), to the Complaint in this action brought by Anthony Tripp against a group of Chicago Police Officers. One of those responses has been filed on behalf of Officer Sheryl Panek, while the other has been filed on behalf of all other defendant officers -- and because each filing was prepared by a member of the City of Chicago Corporation Counsel's Office, they are understandably very similar in nature.[1]

This memorandum order is issued sua sponte to deal with a problematic aspect shared by the ADs, which are dead-bang identical even to the extent that Paragraph 1 of the AD advanced solely on behalf of defendant Panek also reads "unless they acted . . ." instead of "unless she acted . . . ." Both ADs point to provisions of the Illinois Tort Immunity Act as assertedly insulating the officer or officers from liability unless certain conditions are satisfied. But that principle applies only to <u>state law</u> claims, not to the federal question claims that form the predicate for subject matter jurisdiction in this District Court.

---

[1] This should not be misunderstood as a criticism of such similarity, which is entirely appropriate under the circumstances.

That being the case, because both Complaint Counts II and III are expressly labeled as state law claims, the ADs are available to challenge liability under those claims.[2] But Count I is grounded in 42 U.S.C. § 1983, so that the ADs have no effect whatever on the officers' potential liability for the asserted constitutional violation alleged there. Finally, as to Count IV, which is labeled "Failure To Intervene," such a claim is of course viable under Section 1983 -- but because it may perhaps be assertable under state law as well, the AD may be relevant in that respect though it plays no role in the Section 1983 context.

In sum, neither responsive pleading needs to be amended. Instead each AD will be read as being advanced solely against Tripp's state law claims.

```
                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge
```

Date: January 17, 2014

---

[2] This Court expresses no substantive view in that respect -- this memorandum order speaks only in procedural terms.